484 S.E.2d 586

**Ann Gell HAMITER, Appellant,**

**v.**

**The RETIREMENT DIVISION OF THE SOUTH CAROLINA BUDGET AND CONTROL BOARD and the South Carolina State Senate, Defendants,**

**of whom the South Carolina State Senate is Respondent.**

**No. 24603.**

Supreme Court of South Carolina.

Heard Jan. 9, 1997.

Decided April 21, 1997.

Anne M. Bell, of Sumter; and Clifford O. Koon, Jr., of Rogers, Townsend & Thomas, PC, Columbia, for appellant.

D. Reece Williams, III, and David W. Robinson, II, Columbia, for respondent.

BURNETT, Justice.

Ann Gell Hamiter appeals the grant of summary judgment to the South Carolina Senate (Senate).  We affirm.

## FACTS

Hamiter, a Senate employee, was directly employed by Senator John Lindsay.  Upon his death in January 1991, she was notified her employment would terminate on February 1, 1991.

At the time of termination of her employment, Hamiter was suffering from various illnesses. According to Hamiter, she has been disabled since 1987 due to these medical problems. The Senate does not dispute her disability.

Hamiter alleges, upon her inquiry in 1991, Frank Caggiano, the Clerk of the Senate, who supervises all Senate employees, and Jean Padgett, Personnel Director of the Senate, failed to inform her about disability retirement and long-term disability benefits even though both of them were aware of Hamiter's medical problems. Hamiter claims these employees were under a duty to inform her of these benefits when she consulted them about possible benefits.

On January 22, 1992, Mr. Purvis Collins, Director of the Retirement Division, told Hamiter disability benefits were available; however, she was no longer eligible because she had not applied for the benefits within 90 days of her termination. In 1993, Hamiter consulted an attorney who advised her Mr. Collins could waive the 90 day requirement, and thus, she could receive the benefits. Subsequently, with the help of her attorney, Hamiter was awarded her disability benefits, including retroactive pay. However, Hamiter contends she suffered damages of insurance premiums and medical expenses which would have been avoided had she been enrolled in the State's disability plan.

In her complaint Hamiter alleges three causes of action: (1) the Senate failed to advise Hamiter, as required by the Retirement Act or as required as trustee of the retirement funds, of the availability of disability retirement benefits: (2) Hamiter requested a judgment declaring she was entitled to her benefits; and (3) the Senate fraudulently withheld information of available benefits. The trial judge granted summary judgment, concluding neither the Senate nor its employees owed Hamiter a duty and her claim was barred by the statute of limitations.

### ISSUE

Did the trial judge properly grant summary judgment in favor of the Senate based on the grounds the Senate owed Hamiter no duty and the statute of limitations had run on her claim?

## DISCUSSION

### Standard of Review

■ Summary judgment is appropriate where it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *City of Columbia v. ACLU of South Carolina*, 323 S.C. 384, 475 S.E.2d 747 (1996). In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.*

### Duty

Hamiter claims the trial judge erred by granting summary judgment on the ground the Senate and its employees owed her no duty. We disagree.

■ Hamiter alleges the South Carolina Retirement Systems Act, S.C.Code Ann. §§ 9–1–10 to 9–1–1970 (1986 & Supp.1996) (the Act), imposes a duty upon the Senate and its employees to advise Hamiter of the availability of disability retirement benefits. The Act contains no language which places a duty upon the Senate as an employer to inform Hamiter of her benefits. The Act only imposes ministerial duties on the Senate. See S.C.Code Ann. § 9–1–1050 (Supp. 1996) (requiring employer to contribute to retirement fund); S.C.Code Ann. § 9–1–1160 (Supp.1996) (collection of member's contributions); S.C.Code Ann. § 9–1–1170 (Supp.1996) (collection of employer's contributions).

■ Hamiter further claims the Senate acted as a trustee of her retirement funds, and therefore, owed her a fiduciary duty. We disagree.

■ A trustee is a person holding legal title to property under an express or implied agreement for the benefit and use of another. *Neel v. Clark*, 193 S.C. 412, 8 S.E.2d 740 (1940). The Senate retains no control over these funds. Rather, under the Act, the State Budget and Control Board manages these funds. See S.C.Code Ann. § 9–1–20 (1986) (retirement system shall be managed by Board); S.C.Code Ann. § 9–1–210 (1986) (Board shall administer retirement system);

S.C.Code Ann. § 9-1-1310 (1986) (Board shall be trustee of funds). Thus, the Senate is not a trustee of these retirement funds and owes Hamiter no fiduciary duty.

▬ Hamiter alleges, for the first time on appeal, a claim of negligent misrepresentation. The elements of negligent misrepresentation must be alleged in the complaint. *AMA Management Corp. v. Strasburger*, 309 S.C. 213, 420 S.E.2d 868 (Ct.App.1992). Further, an issue raised for the first time on appeal is barred from review. *SSI Medical Services, Inc. v. Cox*, 301 S.C. 493, 392 S.E.2d 789 (1990) (a theory not raised to or ruled upon by the trial judge cannot properly be presented to an appellate court).

Because we affirm on the absence of duty ground, we do not reach the statute of limitations issue.

**AFFIRMED.**

FINNEY, C.J., TOAL and MOORE, JJ., and Acting Associate Justice WESTBROOK, concur.