500 S.E.2d 786

Jeffrey S. and Debbie G. DORMAN, Appellants,

v.

Van C. CAMPBELL, Susan H. Campbell, Pam Harrington Exclusives, a South Carolina Corporation, and Pamela Harrington, Respondents.

No. 2833.

Court of Appeals of South Carolina.

Submitted April 7, 1998.

Decided April 20, 1998.

Lawrence E. Richter, Jr., Ronald L. Richter, Jr. and Michael W. Sautter, all of the Richter Law Firm, Mt. Pleasant, for appellants.

Charles R. Norris and Timothy D. Wise, both of Nelson, Mullins, Riley & Scarborough, Charleston; and Herbert W. Hamilton and W. Keith Martens, both of Kennedy, Covington, Lobdell & Hickman, Rock Hill, for respondents.

HUFF, Judge:

Jeffrey and Debbie Dorman appeal the trial court's granting of summary judgment to the respondents on the basis the statute of limitations barred the Dormans' claims. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1989, the Dormans listed their house at 27 Bufflehead Drive on Kiawah Island for sale with Pam Harrington Exclusives. Yvonne Daniels acted as their real estate agent. When the Campbells expressed an interest in 27 Bufflehead, Daniels negotiated a like-kind exchange between the Dormans and the Campbells. In exchange for 27 Bufflehead, the Dormans accepted the Campbells' house at 280 Doral Open on Kiawah Island and $435,000 in cash. The parties agreed to value 280 Doral Open at $375,000.00. The transaction closed on January 15, 1991.

Immediately after closing, the Dormans listed 280 Doral Open for sale with Pam Harrington Exclusives but received no offers. Around March of 1994, the Dormans listed their house with Kiawah Island Real Estate. Michael J. McManus, a real estate broker with the company, informed the Dormans that the ground floor addition, consisting of a bedroom and attached bathroom, was below base flood elevation and that because it was constructed without permits, it was subject to being returned to its unfinished condition.[1] The house, therefore, had to be marketed as a three-bedroom, three-bath home rather than a four-bedroom, four-bath home.

---

1. McManus admitted he did not know the specific ordinances the addition violated nor did he ever confirm the addition violated FEMA regulations. The record on appeal does not include the ordinances or federal laws or regulations the addition allegedly violates.

In June of 1995, McManus sent sales executives a disclaimer concerning the addition. A year and a half after changing realtors, the Dormans sold 280 Doral Open to the Glavins for $325,000. The contract between the Glavins and the Dormans included the disclaimer.

The Dormans claim they never discussed with Daniels or the Campbells the fact that the addition was constructed below the base flood elevation or that there were any problems with the addition. However, Daniels asserted the parties discussed the ground level improvements and the Campbells specifically informed her and the Dormans that the addition was constructed without the approval of the Charleston County building inspector and that the addition was "below the level allowed by the authorities." She stated she looked at 280 Doral Open at least four times with the Dormans before they purchased the property, including twice with Steve Brenner, Mrs. Dorman's brother, who is a licensed contractor.

In addition, a surveyor was hired in preparation for the closing. He drafted a plat of the lot and prepared an elevation certificate for the purchase of flood insurance. The plat indicated the property was located in a special flood hazard area. The elevation certificate listed the base flood elevation for the area as twelve feet. The lowest grade immediately adjacent to the building is denoted as six feet. Mr. Dorman admitted he read the plat and elevation certificate. He stated it did not concern him that the property was located in a special flood hazard area. A professional home inspector was also hired to inspect the property.

Furthermore, in his cover letter for the closing package sent to the Dormans' attorney, C.J. Manos, the Campbells' attorney, Thomas Buist, advised, "[t]his will also confirm the understanding between the parties that any problems which may result from the fact that the Campbells constructed a substantial bedroom area below the original first floor level of the residence at 280 Doral Open will be the full responsibility of Mr. Dorman." Manos acknowledged he received the letter on January 15, 1991. He admitted that as a real estate attorney, he could foresee the problem Buist referred to in the letter was that the addition was below the flood level. Buist stated he remembered there was a bedroom below the original

first floor level that was a concern and an agreement was reached that was preserved in his letter. The Dormans maintained they never saw this letter until after the commencement of the present litigation. Mrs. Dorman stated that if she had seen Buist's cover letter before the closing, she would have further researched the situation and possibly not taken the offer. Mr. Dorman stated that had he seen the letter, he would not have gone through with the closing at that time.

On or about October 30, 1995, the Dormans filed this action against the Campbells for fraud, constructive fraud, civil conspiracy and unfair trade practices, and against Pam Harrington Exclusives and Pam Harrington for negligence, breach of fiduciary duty, and unfair trade practices. The trial judge granted summary judgment to the Campbells, Pam Harrington Exclusives, and Pam Harrington on all causes of action, ruling the Dormans had actual or constructive notice of possible problems in 1991 and, therefore, the statute of limitations barred the actions. He further granted the Campbells summary judgment on the unfair trade practices cause of action, finding the Campbells' sale of the home was not a transaction in the conduct of any trade or commerce. He also granted the Campbells summary judgment on the conspiracy issue, finding there was no evidence the Campbells conspired to perpetrate a fraud on the Dormans, and the bare allegations in the Dormans' complaint were insufficient to withstand the summary judgment motion.[2]

## ISSUE

On appeal, the Dormans contend the trial judge erred in granting the respondents summary judgment based on the running of the statute of limitations. They assert a material issue of fact exists as to whether a reasonable person in their position should have known of the existence of a possible claim against the respondents in 1991. We disagree.

---

2. The Dormans do not challenge the trial judge's ruling that summary judgment was appropriate for the conspiracy and unfair trade practices actions against the Campbells on different grounds.

## LAW/ANALYSIS

Summary judgment is appropriate where it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Hamiter v. Retirement Division of the South Carolina Budget and Control Board,* 326 S.C. 93, 484 S.E.2d 586 (1997). In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.*

The Dormans do not dispute the trial judge's finding that their actions were subject to a three year statute of limitations pursuant to S.C.Code Ann. § 15–3–530(5) (Supp.1997). Neither do they contend they are not subject to the discovery rule provision of S.C.Code Ann. § 15–3–535 (Supp.1997) (providing actions initiated under § 15–3–530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action). Rather, they assert the evidence viewed in a light most favorable to them shows a material issue of fact exists as to whether a reasonable person would have known the existence of their claims by January 15, 1991.

The exercise of reasonable diligence means that an injured party must act promptly where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point, and not when advice of counsel is sought or a full-blown theory of recovery developed. *Snell v. Columbia Gun Exchange, Inc.,* 276 S.C. 301, 278 S.E.2d 333 (1981); *Brown v. Pearson,* 326 S.C. 409, 483 S.E.2d 477 (Ct.App.1997). The date on which discovery should have been made is an objective rather than subjective question. *Kreutner v. David,* 320 S.C. 283, 465 S.E.2d 88 (1995). Therefore, the statutory period of limitations begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto. *Burgess v. American*

*Cancer Society*, 300 S.C. 182, 386 S.E.2d 798 (Ct.App.1989). Moreover, the fact that the injured party may not comprehend the full extent of the damage is immaterial. *Dean v. Ruscon Corporation*, 321 S.C. 360, 468 S.E.2d 645 (1996).

■ Because the Dormans deny any discussions ever took place regarding the problems with the additions prior to closing, a question of fact clearly exists as to whether they had actual knowledge of the existing claims. Whether they had actual knowledge, however, is not dispositive of the issue at hand. The question still remains whether the Dormans, by the exercise of reasonable diligence, should have known of the existence of these claims by January 15, 1991. In other words, would the facts and circumstances of this case put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist by that date?

Before the closing on January 15, 1991, the Dormans viewed the house several times. In addition, they brought in a host of professionals to inspect the house. They received a plat of the property showing it was located in a special flood hazard area, and a flood elevation certificate that clearly indicated the addition was below the base flood elevation. Moreover, it is undisputed the Dormans' attorney received Buist's cover letter indicating a potential problem with the addition. The plain reading of the letter, along with the other facts of this case, would put a reasonable person on notice of a flood elevation problem and a potential problem with the lower level addition. The Dormans' attorney admitted it was understandable that the problem was the addition being below the flood elevation. Furthermore, the Dormans also admitted that if they had read the letter, it would have raised sufficient concern such that they would not have completed the closing on the same terms.

■ The Dormans maintain, however, that they never received a copy of Buist's letter. Nevertheless, the question of whether they actually received the letter is irrelevant, for knowledge of the information in Buist's letter was imputed to the Dormans through their agent, attorney C.J. Manos. *See Crystal Ice Co. of Columbia, Inc., v. First Colonial Corp.*, 273 S.C. 306, 257 S.E.2d 496 (1979) ("It is well established that a principal is affected with constructive knowledge of all materi-

al facts of which his agent receives notice while acting within the scope of his authority"). *Faulkner v. Millar*, 319 S.C. 216, 460 S.E.2d 378 (1995) (notice to an attorney is notice to the client).

We find Buist's letter, in conjunction with the other evidence, put the Dormans on sufficient notice that some problem may have existed with the addition that was below flood level. Acting with reasonable diligence, the Dormans could or should have known that a cause of action might exist as of January 15, 1991. The statute of limitations therefore began to run on that date, more than four and a half years before the Dormans commenced this action. Accordingly, the trial court did not err in holding the statute of limitations barred the Dormans' claims, against the Campbells, Pam Harrington Exclusives and Pam Harrington.

**AFFIRMED.**

ANDERSON and HOWARD, JJ., concur.