THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Louis Green, Jr.,       
Appellant,
 
 
 

v.

 
 
 
Medical University of South Carolina,       
Respondent.
 
 
 

Appeal From Charleston County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2003-UP-237
Submitted January 29, 2003  Filed April 
 1, 2003  

AFFIRMED

 
 
 
Kernard Edward Redmond, of Florence, for Appellant.
Thomas J. Wills and Allen Leland Dupre, of Charleston, for 
 Respondent.
 
 
 

PER CURIAM:  Louis Green appeals the trial 
 courts grant of summary judgment in favor of the Medical University of South 
 Carolina in this malpractice action.  Green argues the trial court erred by 
 concluding the statute of limitations had expired at the time the cause of action 
 was initiated.  We affirm [1] 
 pursuant to Rule 220, SCACR, and the following authorities:  Bayle v. South 
 Carolina Dept. of Transp., 344 S.C. 115, 542 S.E.2d 736 (Ct. App. 2001) 
 (cert. denied, September 27, 2001) (holding that in cases brought under 
 the South Carolina Tort Claims Act, the statute of limitations begins to run 
 when a person of common knowledge and experience would be on notice that a loss 
 had occurred and not on the date a potential cause of the loss is discovered); 
 Dorman v. Campbell, 331 S.C. 179, 500 S.E.2d 786 (Ct. App. 1998) (stating 
 the knowledge possessed by ones attorney is imputed to that person); S.C. Code 
 Ann. § 15-78-100(a) (Supp. 2002) ([A]n action for damages under this chapter 
 may be instituted at any time within two years after the loss was or should 
 have been discovered.  Provided, that if a claim for damages was filed and disallowed 
 or rejected an action for damages filed under this chapter, based upon the same 
 occurrence as the claim, may be instituted within three years after the loss 
 was or should have been discovered.); Rule 56, SCRCP (stating summary judgment 
 is properly granted where the pleadings, depositions, answers to interrogatories, 
 and admissions on file, together with any affidavits show that there is no genuine 
 issue as to any material fact and that the moving party is entitled to summary 
 judgment as a matter of law).    
 AFFIRMED.
HEARN, C.J., CURETON and SHULER, 
 JJ., concur.

 
 [1]   We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.