THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
M. Kenneth Branch and Island Waterfront Flats, individually,       
Respondent,
 
 
 

v.

 
 
 
Island Sub-Division Water and Sewer Company, Inc.,       
Appellant.
 
 
 

Appeal From Clarendon County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2005-UP-238
Heard January 13, 2005  Filed April 6, 2005

REVERSED

 
 
 
Francis T. Draine, of Columbia, for Respondent.
W. Jason Corbett, of Summerton, for Appellant.
 
 
 

PER CURIAM:  Island Sub-Division Water and Sewer Company, Inc. (Water Company) appeals the circuit courts denial of its Rule 59, SCRCP motion for judgment notwithstanding the verdict or, in the alternative, a new trial after the jury returned a verdict in favor of Island Waterfront Flats, Inc. (Waterfront Flats).  We reverse.
FACTS
Waterfront Flats was incorporated by Kenneth Branch in 1993 or 1994.  Branch testified that Waterfront Flats owned a 0.52 acre tract of land in Goat Island Resort in Clarendon County, South Carolina.  Waterfront Flats purchased the property from Branch who acted as an officer and was the sole shareholder of the corporation. 
Prior to the incorporation of Waterfront Flats, Branch owned and operated a small, private water system for the area from 1980 through 1986.  In 1986, a court order established the Water Company to own, operate, and maintain the water facility.  In 1993 or 1994, Branch and Waterfront Flats made a demand for water taps on the 0.52 acre tract of land owned by the corporation.  The Water Company refused this demand.  As a result, Branch and Waterfront Flats, acting individually and as representatives of a class of plaintiffs, initiated this lawsuit on June 15, 1995.  The Complaint alleged that the Water Company failed to provide records, along with numerous other allegations of wrongful conduct primarily related to the providing of water and sewer services to lots developed by Waterfront Flats.
After a lengthy procedural process, the case was tried before a jury. The jury returned a verdict of $100,000 in favor of Waterfront Flats.[1]  The Water Company made a motion for JNOV and, in the alternative a new trial, both of which were denied by the circuit court.  This appeal followed.
STANDARD OF REVIEW
In ruling on a motion for judgment notwithstanding the verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motion and to deny the motion where either the evidence yields more than one inference or its inference is in doubt.  Sabb v. South Carolina State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002); Bailey v. Segars, 346 S.C. 359, 365, 550 S.E.2d 910, 913 (Ct. App. 2001).  This court will not disturb a trial courts ruling unless that decision is wholly unsupported by the evidence or the courts conclusions of law have been controlled by an error of law.  Steinke v. South Carolina Dept of Labor, Licensing, & Regulation, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999); South Carolina Prop. & Cas. Guar. Assn v. Yensen, 345 S.C. 512, 521, 548 S.E.2d 880, 885 (Ct. App. 2001).
DISCUSSION
The Water Company argues the circuit court erred in denying its motion for judgment notwithstanding the verdict or, in the alternative, a new trial.  As one of its arguments in support of this contention, the Water Company asserts the applicable statute of limitations bars Waterfront Flats lawsuit. 
We preface our discussion of this issue by noting that Waterfront Flats has repeatedly failed to adhere to the established appellate court procedure.  Specifically, Waterfront Flats failed to file a brief, failed to reply to this courts request for supplementation to the record on appeal, and failed to appear at oral argument.  Based on these facts alone, this court would be justified in reversing the judgment in favor of Waterfront Flats.  See Rule 208(a)(4), SCACR (Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.); Wierszewski v. Tokarick, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992) (holding that where respondent failed to file a brief appellate court deemed it proper to reverse on the points presented rather than to search the record for reasons to affirm); see also Smith v. South Carolina Dept of Soc. Servs., 284 S.C. 469, 471, 327 S.E.2d 348, 349 (1985)(holding, under prior appellate court rules, the supreme court would not grope in the dark in order to identify errors).
Despite the failure of Waterfront Flats to file a brief, we deem it proper to address the merits of this appeal.  As will be discussed, we agree with the Water Company that the statute of limitations barred Waterfront Flats lawsuit.
Section 15-3-530 of the South Carolina Code of Laws provides the applicable statute of limitations in this action is three years.  S.C. Code Ann. § 15-3-530 (2005).  South Carolina follows the discovery rule outlined in section 15-3-535, which provides the statute of limitations begins to run from the date the injured party knew or should have known by the exercise of reasonable diligence that a cause of action exists.  Martin v. Companion Healthcare Corp., 357 S.C. 570, 575-76, 593 S.E.2d 624, 627 (Ct. App. 2004); S.C. Code Ann. § 15-3-535 (2005).  
The exercise of reasonable diligence means an injured party must act promptly when the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.  The statute of limitations begins to run from this point, not when advice of counsel is sought or a full-blown theory of recovery developed.  Snell v. Columbia Gun Exch., Inc., 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981); Brown v. Pearson, 326 S.C. 409, 418, 483 S.E.2d 477, 482 (Ct. App. 1997).  The date on which discovery should have been made is an objective rather than subjective question.  Kreutner v. David, 320 S.C. 283, 285, 465 S.E.2d 88, 90 (1995).  Therefore, the statutory period of limitations begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto.  Dorman v. Campbell, 331 S.C. 179, 184-85, 500 S.E.2d 786, 789 (Ct. App. 1998).
[E]very corporation has perpetual duration and succession in its corporate name and has the same powers as an individual to do all things necessary or convenient to carry out its affairs including, without limitation, power to sue and be sued, complain, and defend in its corporate name.  S.C. Code Ann. § 33-31-302(1) (Supp. 2004).  A corporation is not a natural person and maintains a separate and distinct identity apart from its shareholders.  Mangum v. Maryland Cas. Co., 330 S.C. 573, 576, 500 S.E.2d 125, 127 (Ct. App. 1998) This oft-stated principle is equally applicable, whether the corporation has many or only one stockholder. Id. (quoting Costas v. First Fed. Sav. & Loan Assn, 283 S.C. 94, 102, 321 S.E.2d 51, 56 (1984)). 
Generally, a corporate officers knowledge, which is acquired in his official capacity, is imputed to the corporation. See Equitable Trust Co. of Columbia v. Columbia Natl Bank, 145 S.C. 91, 115, 142 S.E. 811, 817 (1928) (Subject to certain qualifications and exceptions . . . , it is well settled that, if an officer or agent of a corporation acquires or possesses knowledge of facts, in the course of his employment, and as to matters which are within the scope of his authority, his knowledge is imputable to the corporation.)(citation omitted); Citizens Bank v. Heyward, 135 S.C. 190, 190, 133 S.E. 709, 709 (1925) (recognizing general rule that notice to an agent is notice to principal, particularly in cases of corporations); 18B Am. Jur. 2d Corporations § 1442 (2004) (A corporations knowledge is entirely imputed to it from the knowledge possessed by its officers and agents.  In accordance with general agency principles, a corporation generally is charged with knowledge of facts that its agents learn within the scope of their employment.); see also Multimedia Publg of South Carolina, Inc. v. Mullins, 314 S.C. 551, 555, 431 S.E.2d 569, 572 (1993) (A corporate director is chargeable with all matters pertaining to the corporations affairs, of which he has or should have knowledge in the exercise of the duties required of him as a director.); Tele-Port, Inc. v. Ameritech Mobile Communications, 637 N.W.2d 782, 854 (Wisc. Ct. App. 2001) (Knowledge acquired by an employee of a corporation during his or her employment and concerning something pertinent to the subject matter of that employment, so that the employee therefore becomes an agent of the employer for the purposes of that information, is notice to the corporation for statute-of-limitations purposes, irrespective of whether the employee communicates that knowledge to anyone else in the corporation.).
This case, however, presents the question of whether knowledge acquired by a corporate officer or shareholder prior to incorporation may be imputed to the corporation for the purposes of the statute of limitations.  As will be more thoroughly discussed, we believe Branchs prior knowledge regarding the problems with the insufficient water and sewer capacity was imputed to the corporation and, thus, the lawsuit against the Water Company was barred by the three-year statute of limitations.  
In May 1980, Branch, Sue S. Branch, and Harvey Bowen (collectively Branch) purchased the tract of land that is the subject of this dispute at a time when the water and sewer had not been approved by DHEC.  A DHEC employee, who assessed the water and sewer situation, testified that DHEC began issuing orders as early as 1983 indicating there were capacity problems.  By 1986, Branch was on notice, based on a court order, that the water system for the property was at capacity.  This order, dated August 26, 1986, arose out of a foreclosure action involving the property purchased by Branch.  Specifically, the Estate of W.B. Davis, Jr., the mortgagee, brought suit against the mortgagors, which included Branch, pursuant to the notes, mortgage, and security agreement.  The order outlines the terms of a settlement agreement which, among other provisions, established the respective property rights of the Davis Estate and Branch.  The court also found that the Davis Estate was entitled to a minimum of twenty-four water and sewer hookups or taps.  In an effort to accommodate this provision, the court ordered Branch to remove from the existing system the required number of water and sewer taps.  The court also noted that Branch acknowledged that they have used up the capacity of the existing system by the addition of various mobile home and trailer hookups and taps placed on the property by the defendants Branch, Branch and Bowen, or by and with their consent. 
During his testimony, Branch also admitted that in 1989 the Water Company refused his request to tap on.  He further characterized the process to procure taps as a tough up-hill battle.  Even though it appeared that the water and sewer system was at capacity, Branch auctioned a number of the lots in 1990.  Branch stated that some of these lots were without water and sewer.  Branchs partner in this endeavor, George Pennington, testified that he began requesting water for the lots in 1990, but never received the taps.  In the midst of these problems, Branch deeded the property to Waterfront Flats, a corporation in which Branch was an officer and the sole shareholder.  However, not until 1995, after the corporation was formed, did Branch and Waterfront Flats institute this action against the Water Company.  
Under the specific facts of this case, we find that Branch knew or should have known that there might be a claim against the Water Company as early as 1986 when the property dispute with the Davis Estate resulted in the order stating that the water and sewer system was at capacity.  Because Branch was an officer and the sole shareholder of Waterfront Flats, his prior knowledge of the capacity problems was imputed to the corporation for the purposes of the statute of limitations.  See Equitable Trust Co. of Columbia, 145 S.C. at 114, 142 S.E. at 818 ([I]f knowledge is acquired by an agent while not acting for the corporation, but afterwards he acts for the corporation in a matter in which it becomes his duty to communicate the fact his knowledge is imputed to the corporation.) (citation omitted); see also Hice v. Hi-Mil, Inc., 273 S.E.2d 268, 272 (N.C. 1981) (holding that when the interests of the individual officer or director are so clearly aligned with those of the corporation, the corporation is properly charged with the knowledge of the individual); Whitten v. Bob Kings AMC/Jeep, Inc., 231 S.E.2d 891, 895 (N.C. 1977) (As a rule, the knowledge of the promoters cannot be imputed to the corporation, although an exception to the rule may exist in a case where the promoters become directors and stockholders in the corporation or are the controlling stockholders.); Thompson v. Air Power, Inc., 448 S.E.2d 598, 603 (Va. 1994) (Nexus sufficient to provide an equitable reason for disregarding the separate corporate existences is generally established by showing control, interaction, or other similar involvement between the corporations or their agents.); cf. Robinson v. GEO Licensing Co., 173 F. Supp.2d 419, 424 (D. Md. 2001) (recognizing that knowledge acquired by engineers who had become employees of corporation could be imputed to corporation even though these engineers acquired the knowledge prior to the commencement of the principal/agent relationship); Whitten, 231 S.E.2d at 895 (holding that where the sole shareholder, president, and general manager of the corporation had complete knowledge of the provisions of a contract entered into prior to incorporation, such knowledge became the knowledge of the corporation).
Because Branch was aware of the water and sewer capacity problems as early as 1986, it was incumbent upon him to assert a claim against the Water Company prior to 1995.  His failure to timely do so precludes him, and in conjunction Waterfront Flats, from bringing this lawsuit.  To hold otherwise we would have to ignore Branchs prior knowledge and, as a result, permit Branch to circumvent the statute of limitations merely by transferring his interests through the incorporation of Waterfront Flats.  
Accordingly, the decision of the circuit court is
REVERSED.[2]
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1]   Branch abandoned his individual claims prior to the submission of the case to the jury.  Therefore, Waterfront Flats is the only respondent on appeal.  
[2]   In light of our disposition of the statute of limitations issue, we decline to address the Water Companys remaining issues.