**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Johnson Koola, Appellant,

v.

Cambridge Two, LLC, Albert V. Estee, Individually, Cambridge Lakes, LP, Stephen R. Heape, Individually and as General Partner of Cambridge Lakes, LP, Cambridge Lakes Apartment Homes, a/k/a Cambridge Lakes Apartments, LP, a/k/a Cambridge Lakes Apartment Homes, LP, Classic Properties of Charleston, Inc., Cambridge Contracting, LP, Trademark Properties, Inc., Carolina One Charleston Home Team Properties, LLC, Charleston Home Team, LLC, Carolina One, and William E. Jenkinson, IV, Individually,

Of whom Cambridge Two, LLC, Albert V. Estee, Individually, Cambridge Lakes, LP, and Stephen R. Heape, Individually and as General Partner of Cambridge Lakes, LP are the Respondents.

Appellate Case No. 2013-000279

———————————

Appeal From Charleston County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-422
Submitted October 1, 2014 – Filed November 26, 2014

———————————

**AFFIRMED**

William B. Jung, of William B. Jung, Esq., LLC, of Mt. Pleasant, for Appellant.

Linda Weeks Gangi, of Thompson & Henry, PA, of Conway, for Respondents Cambridge Lakes, LP and Stephen R. Heape; and David Jay Parrish, of Nexsen Pruet, LLC, of Charleston, for Respondents Cambridge Two, LLC and Albert V. Estee.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in concluding the statute of limitations barred Johnson Koola's claims: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) (providing a trial court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *id.* ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP."); S.C. Code Ann. § 15-3-530 (2005) (providing a three-year statute of limitations for an action upon a liability created by a statute); *Epstein v. Brown*, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005) ("Under the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct.  The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party *might* exist. *The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.*"  (citations omitted)); *Dorman v. Campbell*, 331 S.C. 179, 184-85, 500 S.E.2d 786, 789 (Ct. App. 1998) (providing the injured party does not have to obtain "actual knowledge of either the potential claim or of the facts giving rise thereto" and it is irrelevant

whether he fully comprehends the extent of the damage); *id*. at 184, 500 S.E.2d at 789 (stating the date to determine when discovery of an injury should have been made is an objective rather than subjective question); Rule 3(a), SCRCP (providing if a complaint is filed but not served within the statute of limitations, then service must be made within 120 days of filing).[1]

2. As to whether the trial court applied the proper standard for summary judgment: *Froneberger v. Smith*, 406 S.C. 37, 46, 748 S.E.2d 625, 629 (Ct. App. 2013) ("The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact.  Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, . . . the nonmoving party must come forward with specific facts showing there is a genuine issue for trial.").

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] As to whether the trial court erred in failing to apply the doctrine of equitable tolling: *Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.