**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shipwatch Condominium Association, Inc., Appellant,

v.

Carolina Concrete Systems, Inc.; Sisnroy Engineering, LLC; Robert G. Sisnroy, individually; Terrence J. McKelvey; Glasgow Roofing, Inc.; GlassTec, Inc.; Spectech, Inc.; Sonneborn, Inc.; Chimney Sweeps, Inc.; Low Country Chimneys, Inc.; EFCO Corp.; W.C. Johnston Architectural Sales, Inc.; Charleston Glass Company, Inc.; First Exteriors, LLC; Acrocrete, Inc.; BASF Corp.; Gary Freeman Architect, Inc.; Gary Freeman, individually; Defendants,

Of Which Carolina Concrete Systems, Inc.; Sisnroy Engineering, LLC; Robert G. Sisnroy, individually; Terrence J. McKelvey; Glasgow Roofing, Inc.; GlassTec, Inc.; Sonneborn, Inc.; EFCO Corp.; W.C. Johnston Architectural Sales, Inc.; Charleston Glass Company, Inc.; First Exteriors, LLC; Acrocrete, Inc.; BASF Corp.; Gary Freeman Architect, Inc.; and Gary Freeman, individually; are the Respondents.

Oscar Mendiondo, individually and as representative of a class of similarly situated owners of condominium units in the horizontal property regime known as Shipwatch Condominiums, Appellants,

v.

Carolina Concrete Systems, Inc.; Sisnroy Engineering, LLC; Robert G. Sisnroy, individually; Terrence J.

McKelvey; Glasgow Roofing, Inc.; GlassTec, Inc.; Spectec, Inc.; Sonneborn, Inc.; Chimney Sweeps, Inc.; Low Country Chimneys, Inc.; EFCO Corp.; W.C. Johnston Architectural Sales, Inc.; Charleston Glass Company, Inc.; First Exteriors, LLC; Acrocrete, Inc.; BASF Corp.; Gary Freeman Architect, Inc.; Gary Freeman, individually; Defendants,

Of Which Carolina Concrete Systems, Inc.; Sisnroy Engineering, LLC; Robert G. Sisnroy, individually; Terrence J. McKelvey; Glasgow Roofing, Inc.; GlassTec, Inc.; Sonneborn, Inc.; EFCO Corp.; W.C. Johnston Architectural Sales, Inc.; Charleston Glass Company, Inc.; First Exteriors, LLC; Acrocrete, Inc.; BASF Corp.; Gary Freeman Architect, Inc.; and Gary Freeman, individually; are the Respondents.

Appellate Case No. 2015-001644

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-029
Heard October 2, 2017 – Filed January 17, 2018

**AFFIRMED**

R. Patrick Flynn, of Pope Flynn, LLC, of Charleston, for Shipwatch Condominium Association, Inc.

Jonathan J. Anderson, of Anderson Reynolds & Stephens, LLC, of Charleston, for First Exteriors, LLC; Trent M. Kernodle, of Kernodle Coleman, of James Island, for Sonneborn, Inc. and BASF Corp.; Suzanne Cuba Ulmer, of Kernodle Coleman, of James Island, for BASF Corp.; Erin DuBose Dean and Stacey Patterson

Canaday, both of Tupper, Grimsley, Dean & Canaday, P.A., of Beaufort, for GlassTec, Inc.; Amanda R. Maybank, of Maybank Law Firm, LLC, of Charleston, for Charleston Glass Company, Inc.; Tyler Paul Winton and Paul Eliot Sperry, both of Carlock Copeland & Stair, LLP, of Charleston, for Sisnroy Engineering, LLC, and Robert G. Sisnroy; David Starr Cobb, of Turner Padget Graham & Laney, PA, of Charleston, for Carolina Concrete Systems, Inc.; Kenneth Michael Barfield, of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Gary Freeman Architect, Inc., and Gary Freeman; James H. Elliott, Jr., of Richardson Plowden & Robinson, PA, of Charleston, for First Exteriors, LLC; and Russell Britton Kelly, of Kelly Law Firm, LLC, of Charleston, for EFCO, Corp. and W.C. Johnston Architectural Sales, Inc.

---

**PER CURIAM:** In this construction defect case, the Shipwatch Condominium Association, Inc. and Oscar Mendiondo (collectively, Shipwatch)[1] appeal the trial court's grant of partial summary judgment to Carolina Concrete Systems, Inc.[2] (CCS), arguing the trial court erred in granting partial summary judgment (1) despite the existence of a genuine issue of material fact as to when Shipwatch had notice of its construction defect claims against CCS and (2) on the statute of limitations without following applicable precedent of the discovery rule or considering the applicable doctrine regarding the equitable tolling of the statute of limitations. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

---

[1] Shipwatch and Mendiondo, the representative of the proposed class of 104 unit owners at Shipwatch, each filed separate lawsuits against Carolina Concrete Systems, Inc. and other Respondents for negligent repair work performed at Shipwatch. This court consolidated the two actions for appeal.

[2] Other Respondents include: Sisnroy Engineering, LLC; Robert G. Sisnroy, individually; Terrence J. McKelvey; GlassTec, Inc.; Sonneborn, Inc.; EFCO Corp.; W.C. Johnston Architectural Sales, Inc.; Charleston Glass Company, Inc.; First Exteriors, LLC; BASF Corp.; Gary Freeman Architect, Inc.; and Gary Freeman, individually.

1.      As to whether the trial court erred in granting partial summary judgment: *See* S.C. Code Ann. § 15-3-530 (2005) (establishing three years as the limitation for filing an action on a contract, obligation, or liability, except those provided for in section 15-3-520); S.C. Code Ann. § 15-3-20 (2005) (providing the statute of limitations starts to run when the "cause of action shall have accrued"); *Brown v. Sandwood Dev. Corp.*, 277 S.C. 581, 583, 291 S.E.2d 375, 376 (1982) (adopting the "discovery rule" to determine when a cause of action accrues); *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996) ("According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered," and "[t]he statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct."); *Dorman v. Campbell*, 331 S.C. 179, 184, 500 S.E.2d 786, 789 (Ct. App. 1998) ("The statute of limitations begins to run from this point, and not when advice of counsel is sought or a full-blown theory of recovery developed."); *Dean v. Ruscon Corp.*, 321 S.C. 360, 363-64, 468 S.E.2d 645, 647 (1996) ("We have interpreted the 'exercise of reasonable diligence' to mean that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exist." (quoting *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981))); *Dorman*, 331 S.C. at 185, 500 S.E.2d at 789 ("[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial.").

2.      As to whether the trial court erred in granting partial summary judgment on the statute of limitations: *See* S.C. Code Ann. § 15-3-530 (2005) (establishing three years as the limitation for filing an action on a contract, obligation, or liability, except those provided for in section 15-3-520); *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("Equitable tolling is judicially created; it stems from the judiciary's inherent power to formulate rules of procedure where justice demands it."); *id.* at 115-17, 687 S.E.2d at 32-33 ("Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period to ensure fundamental practicality and fairness. The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use. It has been observed that equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control. . . . The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would

permit one party to suffer a gross wrong at the hands of the other. Equitable tolling may be applied where it is justified under all the circumstances. We agree, however, that equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use." (citations, footnotes, and quotation marks omitted)).

**AFFIRMED.**

**SHORT, WILLIAMS, and GEATHERS, JJ., concur.**