**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Floyd Hargrove, Appellant,

v.

Anthony E. Griffis, Sr., Respondent.

Appellate Case No. 2019-000941

———

Appeal From Beaufort County
Eugene C. Griffith, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2022-UP-207
Submitted April 1, 2022 – Filed May 18, 2022

———

**AFFIRMED**

———

James Arthur Brown, Jr., of Law Offices of Jim Brown, P.A., of Beaufort, for Appellant.

Anthony Eric Griffis, Sr., pro se, of Griffis Law Office, of Aiken; and Sean Michael Bolchoz, of Bolchoz Law Firm, PA, of Hilton Head Island, for Respondent.

———

**PER CURIAM:** Floyd Hargrove appeals an order dismissing his claims for breach of fiduciary duty and conspiracy. Hargrove is a former real estate agent who sued the seller's attorney—but not the seller—over a commission Hargrove says he was owed from a 2009 sale. Hargrove argues he did not need an expert affidavit even

though he sued a lawyer for acts done in the lawyer's professional capacity, the statute of limitations had not run, his claims did not violate public policy, and he had standing to bring both claims. On his conspiracy claim, he argues he pled special damages separate from his breach of fiduciary duty claim.

"A motion to dismiss a claim pursuant to Rule 12(b)(6), SCRCP, must be based solely on the allegations set forth on the face of the complaint." *Overcash v. S.C. Elec. & Gas Co.*, 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005). "In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief." *Brazell v. Windsor*, 384 S.C. 512, 515, 682 S.E.2d 824, 826 (2009).

We affirm the judgment of dismissal. The following are alleged as facts in Hargrove's complaint: the closing occurred in May 2009, Hargrove's employer made a time-sensitive demand for payment in October 2009, and the demand went unanswered. Hargrove filed this lawsuit in 2018—nine years after the transaction closed. The circuit court correctly held these alleged facts established Hargrove knew or should have known by November 2009—when the payment demand expired—that he had a potential cause of action related to the commission.[1] *See Dorman v. Campbell*, 331 S.C. 179, 184, 500 S.E.2d 786, 789 (Ct. App. 1998) ("[T]he statutory period of limitations begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto."); S.C. Code Ann. §§ 15-3-530 and -535 (2005) (providing three years to sue on contract actions "after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action").

As already mentioned, the defendant in this case—Eric Griffis—is a lawyer who represented the seller in the transaction. Hargrove alleges he did not learn until 2017 that Griffis allegedly instructed the attorney who closed the transaction to not pay a commission. Even so, this does not change that a reasonable person looking for a commission would have been on notice of a claim in 2009 when the commission was not paid. Additionally, a reasonable person would have also been on notice of a claim when the time-demand to pay the commission went unanswered.

---

[1] Though Hargrove did not file this case until 2018 and has never filed suit against the seller, the complaint alleged Hargrove sued his former employer over the commission. There, but not here, he sued within three years of November 2009.

Though the statute of limitations issue is dispositive,[2] we note our agreement with the circuit court that Hargrove needed to submit an expert's affidavit to support his fiduciary duty claim because there is no allegation in the complaint that Griffis acted outside the scope of representing his client; thus, this is necessarily a professional negligence case. We hasten to add that it seems firmly established that Griffis did not owe Hargrove a fiduciary duty. Griffis did not represent Hargrove. Griffis was obligated to follow the instructions of his client—the seller. We are not aware of any rule allowing Hargrove to turn a breach of contract action against the seller into a conspiracy claim against the seller's lawyer. For these reasons, the circuit court's order of dismissal is

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (2008) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.