24394

Susan H. DEAN, Respondent v. RUSCON CORPORATION, Petitioner.

(468 S.E. (2d) 645)

Supreme Court

*Claron A. Robertson, III* and *Michael S. Seekings*, both of *Robertson & Seekings*, Charleston, *for petitioner.*

*A. Camden Lewis, William R. Calhoun, Jr.* and *Pete Kulmala*, all of *Lewis, Babcock & Hawkins*, Columbia, *for respondent.*

Heard Oct. 4, 1995.

Decided Mar. 25, 1996; Reh. Den. Apr. 18, 1996.

## ON WRIT OF CERTIORARI TO THE
## COURT OF APPEALS

BURNETT, Justice:

We granted certiorari to review the Court of Appeals' opinion in *Dean v. Ruscon Corporation,* Op. No. 94-UP-188 (Ct. App. filed July 19, 1994). We reverse.

## FACTS

In September 1984, Respondent Susan H. Dean (Dean) purchased a building located at 216 King Street in Charleston after a contractor had inspected it and determined it to be structurally sound. At the time of purchase, Dean did not notice any cracks in the masonry or facade of the building. During October and November of 1984, Petitioner Ruscon Corporation (Ruscon) performed pile driving activities at a nearby construction site for the Omni Hotel. Early in November 1984, Dean observed a fine crack approximately three feet in length at the front right corner of the building and concluded that the crack was attributable to Ruscon's pile driving.

Dean immediately hired a contractor and structural engineer to inspect the building. They recommended that she place a strain gauge on the crack and monitor it daily. Dean understood that unless there was a change in the gauge or crack, the damage could be corrected by placing right-angle steel bracing on both corners of the building. Based upon her understanding that the crack posed no structural problems, she began renovations to the building in the amount of $194,553.09.

During the summer of 1985, Ruscon resumed pile driving activities adjacent to the block where Dean's building was located. In August 1985, Dean noticed that the original crack had expanded and the facade of the building was bulging and buckling at the location of the original crack. Another crack also appeared on the opposite side of the building. Dean closed her business which was located in the building after being informed that the building was no longer structurally sound.

In April 1991, Dean filed this lawsuit. At trial, Dean's expert opined that the damage to Dean's building was "most

reasonably caused by the pile driving activity" which Ruscon performed in 1984, rather than the pile driving performed in 1985. Moreover, Dean testified that from her observations she believed the damage to her building resulted from the 1984 pile driving activities.

The circuit court directed a verdict in favor of Ruscon concluding that Dean discovered potential damage to her building in 1984 and associated it with Ruscon's pile driving activities. Therefore, as a matter of law Dean's lawsuit accrued in November 1984. Because she filed her lawsuit in April 1991, the circuit court determined that Dean was barred by the six-year statute of limitations. The Court of Appeals reversed.

## ISSUE
Does a jury question exist as to whether Dean's case is barred by the statute of limitations?

## DISCUSSION
The Court of Appeals concluded that a question of fact existed as to whether Dean was reasonably diligent in determining whether the damage to her building was attributable to Ruscon thereby triggering the running of the statute of limitations in 1984. Accordingly, it reversed the circuit court's direction of verdict. We disagree.

A cause of action for trespass upon or damage to real property which arises or accrues prior to April 5, 1988, must be commenced within six years. S.C. Code Ann. § 15-3-530(3) (1976). The discovery rule is applicable to actions brought under § 15-3-530(3). *See Santee Portland Cement Co. v. Daniel Int'l Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989) (citing *Campus Sweater and Sportswear Co. v. M.B. Kahn Constr. Co.*, 515 F. Supp 64 (D.S.C. 1979), *affd*, 644 F. (2d) 877 (4th Cir. 1981). According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct. *Johnston v. Bowen*, 313 S.C. 61, 437 S.E. (2d) 45 (1993). We have interpreted the "exercise of reasonable diligence" to mean that the injured party must act with some promptness where the facts and circumstances of

an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exist. *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E. (2d) 333 (1981). Moreover, the fact that the injured party may not comprehend the full extent of the damage is immaterial. *Dillon County School Dist. No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 332 S.E. (2d) 555 (Ct. App. 1985), *cert. granted*, 287 S.C. 234, 337 S.E. (2d) 697 (1985), *cert. dismissed*, 288 S.C. 468, 343 S.E. (2d) 613 (1986).

Dean contends that the crack which appeared in 1984 and the bulging of the bricks in 1985 present two distinct harms and, therefore, our holdings in *Benton v. Roger C. Peace Hosp.*[1] and *Santee Portland Cement, supra*, are controlling. In *Benton*, a Downes Syndrome patient fell from his wheelchair and suffered facial lacerations which were readily apparent and discoverable. Later, a second more insidious injury arose from neurological damage which could have been caused by the fall or something else. Because the nature of the neurological injury was not discoverable by the appearance of facial lacerations, we held these injuries to be two separate, distinct, and severable harms. Thus, we held that the statute of limitations began to run at different times for each injury.

In this case, the evidence establishes that in 1984 Dean's consultants advised her that the damage resulting from pile driving could be corrected by steel braces if the crack did not change. The experts also advised her to monitor the crack, and if it did in fact expand, corrective measures would need to be reevaluated to ensure the building's continued structural integrity. Dean admitted that she personally believed the damage to her building resulted from the pile driving activities of 1984, and that when she first noticed the crack, she thought the structure of the building was compromised. Moreover, Dean acknowledged that the initial crack appeared in the right front corner of the building and that the subsequent enlargement of the crack and bulging of bricks appeared in the same location. We find this case distinguishable from *Benton* in that the resulting harm to Dean's building in 1985—enlarged crack and bulging bricks—by being in the same loca-

---

[1] 313 S.C. 520, 443 S.E. (2d) 537 (1994).

tion and of the same nature as the original harm, evolved from Ruscon's 1984 pile driving activities. Therefore, because the subsequent harm was not separate and distinguishable, it was discoverable in 1984.

Dean's reliance upon *Santee* is also misplaced. In *Santee,* minor cracks, which are common in cement structures, appeared in cement storage silos. The cracks were repaired. After an inspection, the repairs were considered to be permanent, and the consultants found the silos to be in good condition. It was not until later that the cracks in the silos were determined to be caused by the defective placement of steel reinforcement rods. Because the rods were inside concrete walls, the defects were undetectable. In this case, however, the potential damage to Dean's building was not latent, but was apparent in November 1984. Indeed, there is no question that Dean initially discovered the damage in 1984 and associated it with Ruscon's pile driving activities.

Next, Dean relies upon *Graniteville Co., Inc. v. IH Services, Inc.*[2] to support her contention that by retaining experts in November 1984 to evaluate the damage, she exercised reasonable diligence in discovering whether a cause of action arose from Ruscon's wrongful conduct. In *Graniteville,* the injured party employed an expert eight days after noticing damage to determine its cause. The Court of Appeals held that when an injury requires an expert to determine its cause and an expert is retained, there is evidence that the injured party exercised reasonable diligence and the statute of limitations should be tolled. Accordingly, the statute was tolled for eight days—which was the date the injured party discovered that a cause of action existed.

Here, the evidence establishes that Dean acted promptly by retaining consultants in November 1984 to inspect the damage. As a result, Dean was warned that the crack might expand. In fact, Dean conceded that she believed the damage to her building resulted from the pile driving activities of 1984. Because Dean had *notice* in November 1984 that she may have a cause of action against Ruscon, there is no need to toll the statute of limitations beyond that date. Dean's subsequent failure to act with reasonable diligence in pursuing such claim

---

[2] — S.C. —, 447 S.E. (2d) 226 (Ct. App. 1994).

is no reason to toll the statute of limitations until such time as further damage evolved. Moreover, the fact that Dean may not have comprehended in 1984 that the original crack would expand causing the building to ultimately buckle is immaterial. *Dillon County School Dist. No. Two v. Lewis Sheet Metal Works, Inc., supra.*

When the trial court rules on a directed verdict motion, it must view the evidence as well as all favorable inferences in the light most favorable to the nonmoving party, and if more than one reasonable inference can be drawn from the testimony, the case should be submitted to the jury. *Santee Portland Cement Co. v. Daniel Int'l Corp., supra.* Here, however, there was no question of fact for the jury to decide because the only reasonable conclusion supported by the evidence is that Dean's lawsuit accrued in November 1984, and by filing her lawsuit in April 1991, she was barred by the six-year statute of limitations. Accordingly, the circuit court correctly directed a verdict for Ruscon and the judgment of the Court of Appeals is

Reversed.

FINNEY, C.J., and MOORE and WALLER, JJ., concur.

TOAL, A.J., not participating.