**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2499

ANTHONY A. FARLEY,

Plaintiff - Appellant,

versus

CSX TRANSPORTATION, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CA-03-3306-4-27)

Submitted:  June 30, 2005            Decided:  August 17, 2005

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mary P. Miles, West Columbia, South Carolina, for Appellant.
Ronald K. Wray, II, John R. Bell, Jr., GALLIVAN, WHITE & BOYD,
P.A., Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Anthony A. Farley appeals the district court's order dismissing his civil action as time-barred under Fed. R. Civ. P. 12(b)(6). Farley is currently employed by CSX Transportation ("CSX") as a locomotive engineer, based in Florence, South Carolina. On September 19, 2003, Farley filed the instant action alleging breach of contract, quasi-contract, and conversion.

In his complaint, Farley alleged that sometime in 1996, he designed a handheld safety device for use in General Electric locomotive cabs. In September 1996, and in March 1997, Farley delivered a picture and a prototype of his device to CSX personnel. Although he received no response, in January 1998, CSX nominated Farley for the "Cut-Through-the-Knot" award for his design. As a reward, CSX offered to send Farley and his wife to dinner "somewhere nice" and told Farley to select a gift from the company catalogue. Farley believed that "a number of other CSX employees had received compensation for similar contributions," but he was not offered any additional compensation for his device at that time. At some point, Farley actively sought monetary compensation for the device. However, the complaint alleges that on September 29, 2000, Farley received a letter from an Assistant Vice President, stating that "the company ha[d] provided you with its final answer to your request for cash payments." The complaint

further alleges that on or about May 1, 2001, Farley noticed that his safety device was beginning to appear on CSX locomotives.

The district court granted the employer's motion to dismiss, finding that Farley's cause of action accrued in 1998, when he was offered dinner and a gift for his design instead of monetary compensation, and his claims were therefore barred under the South Carolina three-year statute of limitations. Farley appeals.

This court reviews de novo a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir. 2003). The statute of limitations is an affirmative defense that may be brought under Rule 12(b)(6) if the time bar is apparent from the face of the complaint. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005). A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations set forth in the complaint must be accepted as true, Zinermon v. Burch, 494 U.S. 113, 118 (1990), and the court must view those allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under South Carolina law, an action for breach of contract must be brought within three years from the date the action accrued. S.C. Code Ann. § 15-3-530(1) (Supp. 1997); see also Simmons v. S.C. State Ports Auth., 694 F.2d 63, 64 (4th Cir. 1982) (citing previous version of statute). "Pursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence." Maher v. Tietex Corp., 331 S.C. 371, 376 (Ct. App. 1998). Likewise, a cause of action for conversion accrues when the plaintiff knew, or through the exercise of due diligence, should have known of the defendant's wrongful possession of the plaintiff's property. See Roberts v. James, 160 S.C. 291 (1931). "A cause of action should have been discovered through exercise of reasonable diligence when the facts and circumstances would have put a person of common knowledge and experience on notice that some right had been invaded or a claim against another party might exist." Maher, 331 S.C. at 376.

Farley first asserts that his cause of action accrued in May 2001, when he had "an accurate sense of whether his invention ha[d] monetary value." The district court rejected this claim, holding that South Carolina does not allow the plaintiff to wait until he ascertains the full extent of the damage, but instead

- 4 -

requires that a plaintiff promptly investigate the existence of a claim when facts and circumstances place the plaintiff on notice. We agree. <u>Binkley v. Burry</u>, 352 S.C. 286, 297-98 (Ct. App. 2002) (holding that once a reasonable person has reason to believe that some claim against another party might exist, the requirement of reasonable diligence to investigate takes precedence over the inability to ascertain the amount of damages or even the possibility that damages may be forthcoming at all); <u>see also</u> <u>Dean v. Ruscon Corp.</u>, 321 S.C. 360, 364 (1996) ("[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial.").

Instead, relying on <u>Maher</u>, 331 S.C. 371, the district court held that Farley should have known "by early 1998, when he was nominated for the "Cut-Through-the-Knot" award, treated to dinner, and told to choose a gift . . . that CSX was not going to pay him cash compensation." However, we conclude that <u>Maher</u> is distinguishable from the instant case. While the plaintiff in <u>Maher</u> received what could only be viewed as negative responses, at a discrete point in time, to his inquiries regarding his entitlement to a bonus, Farley was singled out and praised for his contribution to CSX. Accordingly, we find that viewing the facts in the complaint in a light most favorable to the plaintiff, there was no reason for Farley to assume that the award, dinner and gift he received were an indication that he would not receive cash

- 5 -

compensation. On the contrary, Farley's complaint implies that he still believed that a cash compensation might be forthcoming, and based upon this belief he continued to pursue monetary compensation.

Although we disagree with the district court's finding that the cause of action accrued in 1998, when Farley was nominated for an award, the record before us is not sufficiently developed to determine if the cause of action accrued prior to September 29, 2000, which the complaint alleges to be the date that Farley's efforts to obtain monetary compensation were <u>finally</u> rejected by CSX. We therefore vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>