THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Carrell Homes,
 Ltd., Appellant,
 
 
 
 
 

v.

 
 
 
 Van Osdell,
 Lester, Howe & Jordan,
 P.A., and R. Lester, J.D., Respondents.
 
 
 

Appeal From Horry County
 Diane Schafer Goodstein, Circuit Court
Judge

Unpublished Opinion No. 2010-UP-541   
 Submitted December 1, 2010  Filed December
16, 2010

AFFIRMED

 
 
 
 Reynolds H. Blankenship, Jr., of Columbia, for Appellant.
 Andrew W. Countryman, of Charleston, for Respondents.
 
 
 

PER CURIAM: Carrell Homes, Ltd. (Carrell) appeals the
 trial court's grant of summary judgment in favor of attorney Richard E. Lester and Van Osdell, Lester, Howe &
 Jordan, P.A., (collectively Lester).  Carrell appeals the grant of summary
 judgment, arguing the trial court erred in finding the following: (1) the
 statute of limitations barred its legal malpractice action and (2) Carrell
 failed to support its allegations of professional negligence with expert
 testimony.   We affirm.[1]
1. As to whether the trial court erred in granting Lester's
 summary judgment motion based on the statute of limitations:  Carrell conceded it had actual knowledge of Lester's
 wrongful conduct more than three years before it filed and served its summons
 and complaint.  See  S.C. Code Ann. § 15-3-530(5) (2005) (providing a
 three year statute of limitations for "any injury to the person or rights
 of another, not arising on contract and not enumerated by law"); Berry
 v. McLeod, 328 S.C. 435, 444, 492 S.E.2d 794, 799 (Ct. App. 1997) (finding
 section 15-3-530(5) provides a three-year statute of limitations for legal malpractice
 actions).  Carrell also knew, or by the exercise of reasonable diligence should
 have known, it had a cause of action against Lester arising out of Lester's
 wrongful conduct more than three years before it initiated the legal
 malpractice action. The CEO and Chairman of Carrell stated he understood more
 than three years before the initiation of the action that Lester had not
 "adequately protected Carrell" and he understood he was damaged as a
 result of the early closing because his interests were unsecured.  See S.C. Code Ann. § 15-3-535 (2005) (stating "[A]ll actions initiated under
 Section 15-3-530(5) must be commenced within three years after the person knew
 or by the exercise of reasonable diligence should have known that he had a
 cause of action.").  Additionally, "the fact that the injured party
 may not comprehend the full extent of the damage is immaterial."  Dean
 v. Ruscon Corp., 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996).  Thus, viewing
 the evidence in the light most favorable to Carrell, the evidence supported the
 trial court's grant of summary judgment in favor of Lester.        
2. As to whether the trial court erred in granting Lester's
 motion for summary judgment on the ground Carrell had not yet named an expert
 witness:  See Futch v. McAllister Towing of Georgetown, 335
 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not
 address remaining issues when a decision on a prior issue is dispositive).
AFFIRMED.
FEW, C.J., and
 SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.