**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

3 Chisolm Street Homeowners Association, Inc.,
Appellant,

v.

Chisolm Street Partners, LLC, Murray School Partners, LLC, Genoa Construction Services, Inc., Masterpiece Millwork, Inc., Allen Roper, Jr. d/b/a Masonry Brickwork and Stucco, John Doe #1, John Doe #2, and Brock Green Architects and Planners, LLC, Defendants,

Of whom Genoa Construction Services, Inc., Masterpiece Millwork, Inc., and Brock Green Architects and Planners, LLC are the Respondents.

Genoa Construction Services, Inc., Third-Party Plaintiff,

v.

The Fox Steel Company, Carolina Services, Inc., Lesco Restoration, Inc., Ferst Plastering, Inc., Charleston Glass & Mirror Company, 3d Renovations, Williams Mechanical, Mastercraft Interior & Exterior, Coastal Glass and Block, Adams Davis & Partners, Troy Pardee Heating and Air Conditioning (d/b/a Pardee Heating and Air), Metro Water-Proofing, Inc., CT Windows Limited, and Architectural Materials & Systems, Third-Party Defendants.

Lesco Restoration, Inc., Fourth-Party Defendant,

v.

Coastal Waterproofing, Inc. n/d/b/a Wards
Waterproofing, Inc., Fourth-Party Defendant.

Appellate Case No. 2012-207850

---

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-128
Heard February 4, 2014 – Filed March 26, 2014

---

**AFFIRMED**

---

David Jay Parrish, Nexsen Pruet, LLC, of Charleston, for
Appellant.

Kent Taylor Stair, Paul Eliot Sperry, and John Patrick
Turner Norris, Carlock Copeland & Stair, LLP, all of
Charleston, for Respondent Brock Green Architects and
Planners; Wendy Raina Johnson Keefer, Keefer &
Keefer, LLC, of Charleston, Jenny Costa Honeycutt, Best
Honeycutt, P.A., of James Island, and L. Dean Best, Best
Honeycutt, P.A., of Charleston, for Respondent
Masterpiece Millwork; Franklin H. Turner, III, Joshua
Allan Bennett, and Laurence S. McWhorter, Rogers
Townsend & Thomas, PC, all of Columbia, for
Respondent Genoa Construction.

---

**PER CURIAM:** In this construction defect case, the 3 Chisolm Street
Homeowners Association, Inc. (the "HOA") brought suit in 2009 against several
defendants that completed construction work on three condominium buildings in
2002, including the respondents—Genoa Construction Services, Inc., the general
contractor, Masterpiece Millwork, Inc., the manufacturer of the windows used in
the buildings, and Brock Green Architects and Planners, LLC, the architect. The

circuit court granted summary judgment to the respondents on claims related to original construction work based on the statute of limitations. We affirm.

Section 15-3-530 of the South Carolina Code (2005) sets forth a three-year statute of limitations for actions based in negligence and contract. *See* § 15-3-530(1) and (5) (providing for a three-year statute of limitations for "an action upon a contract" and "an action for . . . any injury . . . not arising on contract and not enumerated by law"). In determining when the statute of limitations began to run, the circuit court applied the "discovery rule," which provides that the time to file a claim "begins to run when a cause of action reasonably ought to have been discovered." *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996). The HOA argues there are material issues of fact as to when the HOA discovered, or should have discovered, that a cause of action existed for original construction defects in all three condominium buildings—the main building, the gym building, and the cottage building.

As to the main building, we find the circuit court properly determined the statute of limitations began to run in 2003 because the Glick report, issued in April 2003, put the HOA on inquiry notice of defects that would have been discoverable through additional inspections and destructive testing, which both the report and the HOA president recommended. *See Republic Contracting Corp. v. S.C. Dep't of Highways & Pub. Transp.*, 332 S.C. 197, 207, 503 S.E.2d 761, 766 (Ct. App. 1998) (stating the statute of limitations begins to run "from the date the injury is discoverable by the exercise of reasonable diligence"); 332 S.C. at 208, 503 S.E.2d at 767 (holding the plaintiff "had sufficient information . . . to put it on inquiry notice, which, if developed, would have revealed the defects"). The Glick report also triggered the statute of limitations for claims against all three respondents because the report listed specific defects that put the HOA on inquiry notice to discover whether those defects were attributable to design, construction, or manufacturing errors. *See Barr v. City of Rock Hill*, 330 S.C. 640, 645, 500 S.E.2d 157, 160 (Ct. App. 1998) (stating a party has notice of claims when the facts and circumstances "would put a person of common knowledge and experience on notice that . . . some claim against another party *might exist*" (internal quotation marks and citation omitted) (emphasis in original)); *Wiggins v. Edwards*, 314 S.C. 126, 128, 442 S.E.2d 169, 170 (1994) ("The focus is upon the date of discovery of the injury, not the date of discovery of the wrongdoer."); *id.* ("If, on the date of injury, a plaintiff knows or should know that she had some claim against someone else, the statute of limitations begins to run for all claims based on that injury." (citation omitted)).

As to the gym and cottage buildings, we find the circuit court correctly found Glick's report provided the HOA sufficient information to put it on inquiry notice of construction defects existing in these buildings. *See Dean*, 321 S.C. at 364, 468 S.E.2d at 647 (stating "the fact that the injured party may not comprehend the full extent of the damage is immaterial"); *Republic*, 332 S.C. at 208, 503 S.E.2d at 767. Specifically, Glick's report put the HOA on inquiry notice of defects in the gym and cottage buildings because:

(1)     all three buildings were built at the same time, by the same general contractor, and in accordance with the same plans developed by the same architect;

(2)     the minutes from the board of directors meeting in May 2003 provide that after receiving Glick's report, the board discussed "steps that should be followed," including "[i]nspection of the cottage and gym building[s]";

(3)     the minutes from the board of directors meeting in June 2003 demonstrate the HOA solicited proposals from companies for "additional investigation" into the defects highlighted in Glick's report, although it ultimately decided not to pursue this course of action due to the cost;

(4)     the HOA was urged to conduct further investigations by Glick, who warned of "significant and pervasive construction defect problems"; and

(5)     an inspection report shows the HOA undertook remedial measures on the gym building some time before 2007 "in an effort to inhibit water intrusion at windows."

There is also evidence that if the HOA had exercised reasonable diligence and investigated the other buildings in 2003, it would have discovered the defects before the statute of limitations ran. *Barr*, 330 S.C. at 645-46, 500 S.E.2d at 160 (holding had the plaintiffs "exercised reasonable diligence and investigated the problems noted in the . . . inspection reports, they could have realized the magnitude of the problem and brought suit before the statute of limitations ran"). An inspection report issued in 2007 that concerned the gym and cottage buildings alerted the HOA to defects that existed in 2003 and would have been discoverable. Moreover, according to an architect who inspected the buildings, the deterioration of the wooden windows in the gym building resulted, in part, from condensation buildup on the windows, which would "have been occurring prior to [his] observations" in 2007 because it was caused by installation of single-pane windows. Thus, the defect causing the condensation—the single-pane windows— existed at the time construction was completed in 2002.

The HOA also argues it "thought the problems [in the main building] had been repaired" by Genoa in 2004, which tolled the statute of limitations as to original work performed by Genoa. We find the issue is not properly before this court, as the HOA raised this issue for the first time in its reply brief. *See* Rule 208(b)(1)(B), SCACR ("[N]o point will be considered which is not set forth in the statement of the issues on appeal."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001) (stating "an argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief").[1]

Because we affirm on the merits of the circuit court's conclusion that the statute of limitations bars the HOA's claims, we decline to address other grounds on which summary judgment was granted. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address appellant's remaining issues when disposition of a prior issue was dispositive).[2]

**AFFIRMED**.

**FEW, C.J., SHORT and GEATHERS, JJ., concur.**

---

[1] Additionally, we find no merit to this argument. The HOA bases this assertion on language in the circuit court's order that stated the statute of limitations for original construction work "has tolled." We do not interpret the court's use of the word "tolled" as invoking the doctrine of equitable estoppel, but instead as a finding that the statute of limitations expired as to all claims related to original work. This conclusion is supported by (1) the context in which the court made this statement; (2) the fact that the HOA did not assert equitable estoppel before the court made this ruling; and (3) the ultimate holding that the statute of limitations barred the HOA's claims regarding original work.

[2] Genoa also raises an issue in its brief regarding the circuit court's application of the "continuous treatment exception." We decline to address this argument, as it was never raised to the circuit court. *Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 482, 609 S.E.2d 286, 299 (2005) (finding issue not preserved because it was not raised to and ruled upon by the trial court).