**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terrell McCoy, Appellant,

v.

North Charleston Police Department and Sergeant Thomas Deckard, Defendants,

Of which North Charleston Police Department is the Respondent.

Appellate Case No. 2016-000650

———————————

Appeal From Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-084
Submitted January 1, 2018 – Filed February 14, 2018

———————————

**AFFIRMED**

———————————

Terrell McCoy, pro se.

Sandra J. Senn, Robin Lilley Jackson, and Kevin Michael DeAntonio, all of Senn Legal, LLC, of Charleston, for Respondent.

———————————

**PER CURIAM:**  Terrell McCoy appeals the circuit court's dismissal of his claim against the North Charleston Police Department on statute of limitations grounds. On appeal, McCoy argues (1) the circuit court erred in ruling the statute of limitations on his claim had expired and (2) subsection 15-78-70(b) of the South Carolina Code (2005) renders the statute of limitations inapplicable.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred by ruling the statute of limitations barred the claim: *Flateau v. Harrelson*, 355 S.C. 197, 201, 584 S.E.2d 413, 415 (Ct. App. 2003) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss based on a failure to state facts sufficient to constitute a cause of action."); *id.* at 208-09, 584 S.E.2d at 419 (affirming the circuit court's dismissal under Rule 12(b)(6), SCRCP, because the South Carolina Tort Claims Act's statute of limitations barred the cause of action); S.C. Code Ann. § 15-78-110 (2005) ("Except as provided for in [s]ection 15-3-40, any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . . ."); *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996) ("According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct."); *id.* at 363-64, 468 S.E.2d at 647 ("We have interpreted the 'exercise of reasonable diligence' to mean that the injured party must act with some promptness whe[n] the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exist.") (quoting *Snell v. Columbia Gun Exch., Inc.*, 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981)); *Republic Contracting Corp. v. S.C. Dep't of Highways & Pub. Transp.*, 332 S.C. 197, 208, 503 S.E.2d 761, 767 (Ct. App. 1998) ("The statute of limitations begins to run when a plaintiff knows or should know of a potential claim against another party, not when the plaintiff develops a full-blown theory of recovery.").

2.  As to whether subsection 15-78-70(b) of the South Carolina Code (2005) renders the statute of limitations inapplicable: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.