**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Debi Baker Brookshire, Appellant,

v.

Community First Bank and Benjamin Hiott, Defendants,

of which Community First Bank is the Respondent.

Appellate Case No. 2019-000614

———

Appeal From Oconee County
Cordell Maddox, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2022-UP-163
Submitted February 1, 2022 – Filed April 6, 2022

———

**AFFIRMED IN PART AND REVERSED IN PART**

———

Warren Blair Giese and Kelly Lloyd Giese, of The Giese Law Firm, LLC, of Columbia; and Jonathan D. Waller, of Angell Molony, LLC, of Aiken, for Appellant.

Robert Yates Knowlton, Sr., and Elizabeth Halligan Black, both of Haynsworth Sinkler Boyd, PA, of Columbia, for Respondent.

———

**PER CURIAM:** Debi Brookshire appeals a summary judgment in favor of Community First Bank (Community First) on the claims she brought against it. Brookshire further appeals a summary judgment in favor of Community First on the counterclaims it brought against her. We affirm the summary judgment on Brookshire's claims but reverse the summary judgment on Community First's counterclaims.

As to Brookshire's argument the circuit court erred in finding the statute of limitations barred her claims, the record shows multiple points more than three years before she brought this action when Brookshire knew or should have known she had claims against Community First. *See* S.C. Code Ann. §§ 15-3-530(5), -535 (2005) (providing a three-year statute of limitations in civil actions for "any injury to the person or rights of another," which begins when the injured party "knew or by the exercise of reasonable diligence should have known that he had a cause of action"). Brookshire filed this suit in September 2014, yet she told someone in 2010 that Benjamin Hiott—a bank employee whom Brookshire empowered to handle her finances—was stealing her money. Brookshire retained a lawyer who (after considerable effort) obtained copies of Brookshire's bank statements in December 2010. The lawyer wrote Hiott in February 2011 about "serious inconsistencies" and "serious matters" related to Brookshire's finances, and Brookshire closed the Community First account in February 2011 at her lawyer's instruction. There is no dispute Brookshire knew throughout that Hiott was Community First's vice president and was handling her finances using an account at Community First. We agree with the circuit court that these events would lead a reasonable person to realize a claim against Community First might exist. *See Dean v. Ruscon Corp.*, 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996) (finding the statute of limitations triggering event is "notice that a claim against another party might exist" (emphasis omitted)).

As to Brookshire's argument the circuit court erred in finding equitable tolling did not suspend the limitations clock and that Community First was not estopped from asserting the statute of limitations, we agree with the circuit court that the circumstances here did not warrant the application of either doctrine. None of Community First's alleged deceitful acts prevented Brookshire from filing this action or have any bearing on the fact that grounds for a lawsuit were reasonably ascertainable more than three years before this suit was filed. *See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 115-16, 687 S.E.2d 29, 32 (2009) (stating a court may apply equitable tolling to "serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits," which is "typically . . . where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control"). Nor did Hiott's repeated insistence

until 2013 that he placed $500,000 of the funds in an annuity for the children in Brookshire's custody prevent her from filing or learning she had grounds to sue because, according to Brookshire's own testimony, no circumstances would have justified such a large withdrawal. *See id.* Further, the circumstances do not warrant equitable estoppel because Community First did not assure Brookshire that there were no problems with her account or that she did not need to sue, and as noted above, the circumstances gave reasonable notice a claim might exist. *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1997) (holding the court may apply equitable estoppel when the defendant induced the injured party's delay in filing by "suggest[ing] a lawsuit is not necessary").

As to Brookshire's argument section 15-3-110 of the South Carolina Code (2005) makes the statute of limitations inapplicable, we agree with Community First that this statute applies to bank instruments that are not at issue here. *See* S.C. Code Ann. § 15-3-110 (2005) (providing the statute of limitations is inapplicable in "actions to enforce the payment of bills, notes or other evidences of debt issued by moneyed corporations or issued or put in circulation as money"). Based on the foregoing, we find the circuit court did not err in granting summary judgment on Brookshire's claims.

Brookshire argues the circuit court erred in finding the statute of limitations did not bar Community First's 2014 counterclaims. Community First counters that it did not discover Hiott's misconduct until 2013. We agree with Brookshire. Her lawyer alerted Community First to potential misconduct throughout the end of 2010. She wrote Hiott, wrote other officers of Community First, spoke with other officers of Community First, and spoke with counsel that Community First retained to resolve Brookshire's questions. At best, there is a jury question whether these communications would have caused a reasonable person in Community First's position to investigate and discover that a majority of the funds Hiott used to conceal his misconduct from Brookshire belonged to Community First. *See Dean*, 321 S.C. at 364, 468 S.E.2d at 647 (stating that notice "that a claim against another party might exist" is measured by whether the circumstances "place a reasonable person of common knowledge and experience on notice" rather than whether they placed the actual injured party on notice (emphasis omitted)). Accordingly, we find the circuit court erred in granting summary judgment to Community First on its own counterclaims.

In light of the reasons given above, we need not reach the remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court does not need to review remaining issues

when its determination of a prior issue is dispositive).  The order of the circuit court is

**AFFIRMED IN PART AND REVERSED IN PART.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.