**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Steven M. Bernard and Deborah J. Bernard, on Behalf of Themselves and All Others Similarly Situated, Appellants,

v.

3 Chisolm Street Homeowners Association, Inc., Respondent.

Appellate Case No. 2019-001100

Appeal From Charleston County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2022-UP-269
Submitted April 1, 2022 – Filed June 22, 2022

**AFFIRMED**

O. Grady Query, Michael W. Sautter, and Alexander Woods Tesoriero, all of Query Sautter & Associates, LLC, of Charleston, for Appellants.

Andrew F. Lindemann, of Lindemann & Davis, P.A., of Columbia, M. Dawes Cooke, Jr., of Barnwell Whaley Patterson & Helms, LLC, of Charleston, and Jeffrey Michael Bogdan, of Parker Poe Adams & Bernstein, LLP, of Charleston, for Respondent.

_____

**PER CURIAM:** Steven M. Bernard and Deborah J. Bernard, on behalf of themselves and all others similarly situated (collectively, Appellants), filed an action in 2015 asserting breach of duty, negligence, and gross negligence against 3 Chisolm Street Homeowners' Association, Inc. (the HOA) for failing to file a lawsuit within the applicable statute of limitations and for the resulting damages to Appellants from bearing the costs to repair the foundations at 3 Chisolm Street. Appellants appeal from the trial court's grant of summary judgment to the HOA, arguing the court committed reversible error by: (1) finding a January 30, 2008 letter triggered the applicable statute of limitations; (2) finding the court's June 9, 2011 order dismissing the HOA's 2009 water intrusion lawsuit based upon the statute of limitations triggered the applicable statute of limitations in this case; (3) finding Appellants reasonably should have known they would have to pay the expense to repair or remediate the damages identified and claimed in both the 2009 water intrusion lawsuit and the 2014 foundation defects lawsuit; (4) finding Appellants had a justiciable controversy prior to January 21, 2015; (5) analyzing the HOA's statute of limitations defense under S.C. Code Ann. § 15-3-530(5); and (6) dismissing Appellants' case based upon the statute of limitations provided in S.C. Code Ann. § 33-31-830(f). We affirm pursuant to Rule 220(b), SCACR.

1.      We find the statute of limitations for the 2014 foundation defects lawsuit was not tolled by the appeal in the 2009 water intrusion lawsuit because Appellants did not need to wait for an adverse judgment on an issue that was not on appeal in this case to know they had an injury. *See* S.C. Code Ann. § 15-3-530(5) (2005) (providing for a three-year statute of limitations for "an action for . . . any injury to the person or rights of another, not arising on contract and not enumerated by law"); *Dillon Cnty. Sch. Dist. No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 215, 332 S.E.2d 555, 559 (Ct. App. 1985), *overruled on other grounds by Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 462 S.E.2d 858 (1995) (stating South Carolina courts apply the "discovery rule" to determine when the statute of limitations begins to run for a cause of action); *Cline v. J.E. Faulkner Homes, Inc.*, 359 S.C. 367, 370-71, 597 S.E.2d 27, 29 (Ct. App. 2004) (providing that under the discovery rule, the statutory period begins when the plaintiff either discovers the injury resulting from the defendant's wrongful conduct, or should have discovered the injury "by the exercise of reasonable diligence").

2.      We find the trial court did not err in finding it need not decide whether S.C. Code Ann. § 15-3-530(5) or S.C. Code Ann. § 33-31-830(f) applies to this case because both statutes provided at most a three-year statute of limitations. *See* S.C. Code Ann. § 15-3-530(5) (2005) (providing for a three-year statute of limitations for "an action for . . . any injury to the person or rights of another, not arising on contract and not enumerated by law"); S.C. Code Ann. § 33-31-830(f) (2006) (providing "[a]n action against a director asserting the director's failure to act in compliance with this section and consequent liability must be commenced before the sooner of (i) three years after the failure complained of or (ii) two years after the harm complained of is, or reasonably should have been, discovered").

3.      We also find Appellants are barred by the statute of limitations under either S.C. Code Ann. § 15-3-530(5) or S.C. Code Ann. § 33-31-830(f). As Appellants stated in their own complaint, unit owners were told the statute of limitations for the HOA to file suit for construction defects expired in April 2006. Thus, Appellants knew of the HOA's negligence as early as April 2006, when it failed to timely file a lawsuit. At the latest, the January 30, 2008 letter, in conjunction with the June 2011 orders dismissing the lawsuit based on the statute of limitations, put Appellants on sufficient notice that the HOA failed to file suit for the foundation defects within the applicable statute of limitations. Acting with reasonable diligence, Appellants could or should have known that a cause of action against the HOA might exist as of January 30, 2008 or June 2011. Therefore, we find the statute of limitations began to run on one of those dates, at most seven years or at least four years before Appellants commenced this action on January 2, 2015. Accordingly, the trial court did not err in holding the statute of limitations barred Appellants' 2015 lawsuit against the HOA for negligence. *See Allwin v. Russ Cooper Assocs., Inc.*, 426 S.C. 1, 13, 825 S.E.2d 707, 713 (Ct. App. 2019) ("Our supreme court has 'interpreted the 'exercise of reasonable diligence' to mean that the injured party must act with some promptness' when on notice of a potential claim." (quoting *Dean v. Ruscon Corp.*, 321 S.C. 360, 363-64, 468 S.E.2d 645, 647 (1996)); *Dorman v. Campbell*, 331 S.C. 179, 184, 500 S.E.2d 786, 789 (Ct. App. 1998) ("The exercise of reasonable diligence means that an injured party must act promptly where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point, and not when advice of counsel is sought or a full-blown theory of recovery developed."); *id.* ("[T]he statutory period of limitations begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential

claim or of the facts giving rise thereto."); *Dean*, 321 S.C. at 364, 468 S.E.2d at 647 (stating the fact that an injured party "may not comprehend the extent of the injuries is immaterial"); *Crystal Ice Co. of Columbia, Inc. v. First Colonial Corp.*, 273 S.C. 306, 309, 257 S.E.2d 496, 497 (1979) ("It is well established that a principal is affected with constructive knowledge of all material facts of which his agent receives notice while acting within the scope of his authority."); *Faulkner v. Millar*, 319 S.C. 216, 221, 460 S.E.2d 378, 381 (1995) (finding notice to an attorney is notice to the client).

4.      Because we find Appellants failed to timely file their action against the HOA, we decline to address Appellants' remaining issues.  *See Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (declining to address an issue when the resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.